

#.4242

**CHAMBERS COPY**

Paul A. Stewart (SBN 153467)
paul.stewart@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiffs EDGE SYSTEMS LLC and
AXIA MEDSCIENCES, LLC

MARK PLAGER (SBN: 192259)
mark@plagerschack.com
MICHAEL SCHACK (SBN: 128784)
michaels@plagerschack.com
MICHAEL O'BRIEN (SBN: 277244)
mobrien@plagerschack.com
PLAGER SCHACK LLP
16152 Beach Blvd., Suite 207
Huntington Beach, CA 92647
Telephone: (714) 698-0601
Facsimile: (714) 698-0608

Attorneys for Defendant AESTHETIC SKIN SYSTEMS LLC

E-FILED

APR 1 0 2019

Document # _____

JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDGE SYSTEMS LLC, a California limited liability company, and AXIA MEDSCIENCES, LLC, a Delaware limited liability company,<br><br>  Plaintiffs,<br><br>  v.<br><br>AESTHETIC SKIN SYSTEMS LLC, a California limited liability company,<br><br>  Defendant.<br><br>——————————————<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-04597 PSG (AFMx)<br><br>**[PROPOSED] FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiffs Edge Systems LLC ("Edge") and Axia Medsciences, LLC (collectively, "Plaintiffs") and Defendant Aesthetic Skin Systems LLC ("Defendant") hereby stipulate and jointly move for entry of final judgment as follows:

1.      That this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Plaintiffs and Defendant.

2.      That venue is proper in this judicial district.

3.      That Edge owns each of U.S. Patent Nos. 6,641,591 ("the 591 Patent"), 7,678,120 ("the '120 Patent"), 7,789,886 ("the '886 Patent"), 8,048,089 ("the '089 Patent"), 8,066,716 ("the '716 Patent"), 8,337,513 ("the '513 Patent"), 9,468,464 ("the '464 Patent"), and 9,550,052 ("the '052 Patent") (collectively, the "patents-in-suit").

4.      That each of the patents-in-suit is valid and enforceable.

5.      That Defendant has manufactured, used, sold, offered for sale, and/or imported into the United States the Aqua Skin Facial product shown in Exhibit A.

6.      That Defendant has manufactured, used, sold, offered for sale, and/or imported into the United States the Aqua Skin Facial Table Top product shown in Exhibit B.

7.      That Defendant has manufactured, used, sold, offered for sale, and/or imported into the United States the Accused Spiral Tips shown in Exhibit C ("Spiral Tips").

8.      That, in this action, Plaintiffs have alleged that the manufacture, use, sale, offer for sale, and/or importation into the United States of the Aqua Skin Facial product shown in Exhibit A infringes: each of claims 1, 4, 6-8, 10, 11, and 15-17 of the '591 Patent; each of claims 1, 2, 4-7 and 9 of the '120 Patent; each of claims 1, 3-8 and 11-14 of the '886 Patent; each of claims 1, 3-5, 8, 9, 11, 12 and 14 of the '716 Patent; each of claims 1-4, 6-12, and 14 of the '513 Patent;

- 1 -

each of claims 1-20 of the '464 Patent; and, each of claims 1-5, 7, 8, and 10-17 of the '052 Patent. Defendant denies any wrongdoing or infringement, but is stipulating to the relief demanded herein to resolve this case without admission of liability.

9.     That, in this action, Plaintiffs have alleged that the manufacture, use, sale, offer for sale, and/or importation into the United States of the Aqua Skin Facial Table Top product shown in Exhibit B infringes: each of claims 1, 4, 6-8, 10, 11, and 15-17 of the '591 Patent; each of claims 1, 2, 4-7 and 9 of the '120 Patent; each of claims 1, 3-8 and 11-14 of the '886 Patent; each of claims 11, 12 and 14 of the '716 Patent; each of claims 1-4, 6-12, and 14 of the '513 Patent; and each of claims 1-6, 8-15, and 17-20 of the '464 Patent. Defendant denies any wrongdoing or infringement, but is stipulating to the relief demanded herein to resolve this case without admission of liability.

10.     That, in this action, Plaintiffs have alleged that the manufacture, use, sale, offer for sale, and/or importation into the United States of the Spiral Tips shown in Exhibit C infringes each of claims 1-5 and 7-10 of the '089 Patent. Defendant denies any wrongdoing or infringement, but is stipulating to the relief demanded herein to resolve this case without admission of liability.

11.     That, in this action, Plaintiffs have alleged that Defendant infringes each of the '591 Patent, the '120 Patent, the '886 Patent, the '716 Patent, the '513 Patent, the '464 Patent, and the '052 Patent through the manufacture, use, sale, offer for sale, and/or importation into the United States of the Aqua Skin Facial product shown in Exhibit A. Defendant denies any wrongdoing or infringement, but is stipulating to the relief demanded herein to resolve this case without admission of liability.

12.     That, in this action, Plaintiffs have alleged that Defendant infringes each of the '591 Patent, the '120 Patent, the '886 Patent, the '716 Patent, the '513 Patent, and the '464 Patent through the manufacture, use, sale, offer for sale,

and/or importation into the United States of the Aqua Skin Facial Table Top product shown in Exhibit B. Defendant denies any wrongdoing or infringement, but is stipulating to the relief demanded herein to resolve this case without admission of liability.

13.     That, in this action, Plaintiffs have alleged that Defendant infringes the '089 Patent through the manufacture, use, sale, offer for sale, and/or importation into the United States of the Spiral Tips shown in Exhibit C. Defendant denies any wrongdoing or infringement, but is stipulating to the relief demanded herein to resolve this case without admission of liability.

14.     That, pursuant to the Patent Act, 35 U.S.C. § 283, during the life of the '591 Patent, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States each of: the Aqua Skin Facial product shown in Exhibit A, which Plaintiffs have alleged in this action infringes at least one claim of the '591 Patent; the Aqua Skin Facial Table Top product shown in Exhibit B, which Plaintiffs have alleged in this action infringes at least one claim of the '591 Patent; any product that is no more than colorably different than the Aqua Skin Facial product shown in Exhibit A; and, any product that is no more than colorably different than the Aqua Skin Facial Table Top product shown in Exhibit B.

15.     That, pursuant to the Patent Act, 35 U.S.C. § 283, during the life of the '120 Patent, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States each of: the Aqua Skin Facial product shown

in Exhibit A, which Plaintiffs have alleged in this action infringes at least one claim of the '120 Patent; the Aqua Skin Facial Table Top product shown in Exhibit B, which Plaintiffs have alleged in this action infringes at least one claim of the '120 Patent; any product that is no more than colorably different than the Aqua Skin Facial product shown in Exhibit A; and, any product that is no more than colorably different than the Aqua Skin Facial Table Top product shown in Exhibit B.

16.     That, pursuant to the Patent Act, 35 U.S.C. § 283, during the life of the '886 Patent, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States each of: the Aqua Skin Facial product shown in Exhibit A, which Plaintiffs have alleged in this action infringes at least one claim of the '886 Patent; the Aqua Skin Facial Table Top product shown in Exhibit B, which Plaintiffs have alleged in the action infringes at least one claim of the '886 Patent; any product that is no more than colorably different than the Aqua Skin Facial product shown in Exhibit A; and, any product that is no more than colorably different than the Aqua Skin Facial Table Top product shown in Exhibit B.

17.     That, pursuant to the Patent Act, 35 U.S.C. § 283, during the life of the '716 Patent, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States each of: the Aqua Skin Facial product shown in Exhibit A, which Plaintiffs have alleged in this action infringes at least one claim of the '716 Patent; the Aqua Skin Facial Table Top product shown in

1    Exhibit B, which Plaintiffs have alleged in this action infringes at least one claim

2    of the '716 Patent; any product that is no more than colorably different than the

3    Aqua Skin Facial product shown in Exhibit A; and, any product that is no more

4    than colorably different than the Aqua Skin Facial Table Top product shown in

5    Exhibit B.

6          18.     That, pursuant to the Patent Act, 35 U.S.C. § 283, during the life of

7    the '513 Patent, Defendant, together with its officers, directors, agents, servants,

8    employees and affiliates thereof, representatives and attorneys, and all other

9    persons acting or attempting to act in concert or participation with them, are

10   permanently enjoined and restrained from making, using, selling, offering to sell,

11   or importing into the United States each of: the Aqua Skin Facial product shown

12   in Exhibit A, which Plaintiffs have alleged in this action infringes at least one

13   claim of the '513 Patent; the Aqua Skin Facial Table Top product shown in

14   Exhibit B, which Plaintiffs have alleged in this action infringes at least one claim

15   of the '513 Patent; any product that is no more than colorably different than the

16   Aqua Skin Facial product shown in Exhibit A; and, any product that is no more

17   than colorably different than the Aqua Skin Facial Table Top product shown in

18   Exhibit B.

19         19.     That, pursuant to the Patent Act, 35 U.S.C. § 283, during the life of

20   the '464 Patent, Defendant, together with its officers, directors, agents, servants,

21   employees and affiliates thereof, representatives and attorneys, and all other

22   persons acting or attempting to act in concert or participation with them, are

23   permanently enjoined and restrained from making, using, selling, offering to sell,

24   or importing into the United States each of: the Aqua Skin Facial product shown

25   in Exhibit A, which Plaintiffs have alleged in this action infringes at least one

26   claim of the '464 Patent; the Aqua Skin Facial Table Top product shown in

27   Exhibit B, which Plaintiffs have alleged in this action infringes at least one claim

28   of the '464 Patent; any product that is no more than colorably different than the

1  Aqua Skin Facial product shown in <u>Exhibit A</u>; and, any product that is no more

2  than colorably different than the Aqua Skin Facial Table Top product shown in

3  <u>Exhibit B</u>.

4      20.    That, pursuant to the Patent Act, 35 U.S.C. § 283, during the life of

5  the '052 Patent, Defendant, together with its officers, directors, agents, servants,

6  employees and affiliates thereof, representatives and attorneys, and all other

7  persons acting or attempting to act in concert or participation with them, are

8  permanently enjoined and restrained from making, using, selling, offering to sell,

9  or importing into the United States the Aqua Skin Facial product shown in <u>Exhibit</u>

10  <u>A</u>, which Plaintiffs have alleged in this action infringes at least one claim of the

11  '052 Patent, or any product that is no more than colorably different than the Aqua

12  Skin Facial product shown in <u>Exhibit A</u>.

13      21.    That, pursuant to the Patent Act, 35 U.S.C. § 283, during the life of

14  the '089 Patent, Defendant, together with its officers, directors, agents, servants,

15  employees and affiliates thereof, representatives and attorneys, and all other

16  persons acting or attempting to act in concert or participation with them, are

17  permanently enjoined and restrained from making, using, selling, offering to sell,

18  or importing into the United States the Spiral Tips shown in <u>Exhibit C</u>, which

19  Plaintiffs have alleged in this action infringes at least one claim of the '089 Patent,

20  or any product that is no more than colorably different than the Spiral Tips shown

21  in <u>Exhibit C</u>.

22      22.    For purposes of interpretation of paragraphs 14 through 21, the

23  definition of the phrase "no more than colorably different than" will be governed

24  by the decision of the United States Court of Appeals for the Federal Circuit in

25  *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869 (Fed. Cir. 2011).

26      23.    That Final Judgment be entered consistent with the foregoing terms,

27  and including the dismissal with prejudice by the Court of those claims identified

28  in the Court's Minute Order dated June 15, 2018 (Doc. No. 59).

24.     Defendant shall have a thirty (30) day grace period from entry of this Consent Judgment within which to bring itself into compliance before the injunctions herein shall take effect.

25.     That Defendant has not paid any compensation for the infringing acts described herein and shall not be required to pay any such compensation.

26.     That no other or further relief, monetary or otherwise, be granted to Plaintiffs or Defendant with respect to each other.

27.     Nothing contained in this Consent Judgment and Permanent Injunction shall affect the rights of Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, to make, use, sell, offer to sell or import any of the products outside the United States, to the extent that all such acts are conducted entirely outside the United States.

28.     That Defendant affirmatively waives any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

29.     That this Court retain jurisdiction over this matter to enforce compliance with the Permanent Injunction.

30.     That each party will bear its own costs and attorneys' fees for this action.

*SIGNATURE PAGE FOLLOWS*

**IT IS SO STIPULATED AND AGREED**

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 8, 2019          By:

Paul A. Stewart
Ali S. Razai

Attorneys for Plaintiffs EDGE SYSTEMS LLC
and AXIA MEDSCIENCES, LLC


PLAGER SCHACK LLP

Dated: April 8, 2019          By:

Mark Plager
Michael Schack
Michael O'Brien

Attorneys for Defendant
AESTHETIC SKIN SYSTEMS LLC

**IT IS SO ORDERED AND DECREED, AND FINAL JUDGMENT IS HEREBY ENTERED**

Dated: _____

Honorable Philip S. Gutierrez
United States District Judge

29748881

- 8 -

## **EXHIBIT A**

## **AQUA SKIN FACIAL**




*FRONT*                                    *BACK*

# EXHIBIT B

## AQUA SKIN FACIAL TABLE TOP



*FRONT OF SYSTEM*



*BACK OF CONSOLE*

## EXHIBIT C

### SPIRAL TIPS

